## Colonial Valley Abstract Co. v.
## Homestead Insurance Co.

*James J. Kutz,* for plaintiffs.

*Kean K. McDonald* and *Jeffrey D. Hutton,* for defendant.

UHLER, *J.,* July 20, 1993—This case is before the court on plaintiffs' request for a preliminary injunction against the defendant. Plaintiffs' complaint was filed on May 26, 1993. A hearing on the issues was held before this court on June 17, 1993. From the testimony and evidence, this court makes the following findings:

On or about May 29, 1992, the plaintiffs, Colonial Valley Abstract Company submitted an application for "errors and omissions" coverage to the defendant, Homestead Insurance Company. On August 5, 1992, Homestead issued to CVAC policy no. 92-11618 (Exhibit B in CVAC's complaint) effective July 15, 1992 and expiring July 15, 1993.

On or about January 29, 1993, an action alleging professional negligence was brought against CVAC by a title insurance company. As a result, Homestead then

claimed that plaintiffs made misrepresentations when the application for "errors and omissions" coverage was completed because two questions specifically asked about knowledge of claims or suits against CVAC, and CVAC knew or should have known of these pending claims. Due to these misrepresentations, Homestead claims a rescission of the policy is justified. CVAC contends that Homestead cannot unilaterally rescind the policy and that a rescission is effected only after a court of law can determine if fraud took place. Homestead contends that any dispute between the parties should be resolved by the arbitration clause incorporated in the policy issued to the plaintiffs and that intervention by a court of law is not necessary. CVAC contends that it is not logical for Homestead to attempt to rely upon an arbitration provision in a contract which is claimed to be void ab initio; thus, a court of law should determine whether Homestead has grounds to rescind.

Facts elicited at the hearing disclosed on May 25, 1993, CVAC received a telefax communication from Homestead advising essentially that the insured would not wait for a court to decide the issue of rescission and that Homestead unilaterally rescinded the policy. CVAC contends it will suffer irreparable harm if Homestead is allowed to unilaterally rescind because as a pre-condition to CVAC issuing title insurance binders and policies, it is required to maintain "errors and omissions" coverage. Thus, without the coverage CVAC is unable to issue title insurance. CVAC claims they have been attempting to secure replacement coverage since defendant threatened to rescind. As of the date of the hearing on June 17, and according to CVAC supplemental memorandum of law, filed July 1, 1993, CVAC has been unable to obtain such replacement coverage. As such, they seek a preliminary injunction.

Injunctive relief is "considered an extraordinary remedy and may only be granted if the plaintiff has established a clear right to the relief sought." *Schaeffer v. Frey,* 403 Pa. Super. 560, 565, 589 A.2d 752, 755 (1991). (citations omitted) In Pennsylvania, a preliminary injunction will be granted only where a party can demonstrate: "(1) a threat of immediate and irreparable harm, that cannot be remedied by damages; (2) the injury that would result by denying the injunction must be greater than the injury by granting the equitable relief; and (3) the grant of the injunction must properly restore the parties to the situation as it existed prior to the alleged wrongful conduct." *Id.* Applying these standards, the court finds that it will grant plaintiffs' preliminary injunction for the following reasons:

The insurance agreement between the parties contained, among others, a cancellation provision, amended in endorsement no. 04 which provided in pertinent part:

"It is agreed that in the event coverage hereunder has been in force 60 days or more, condition 10 cancellation is amended to the extent of providing the insured no less than 60 days advance notice if such cancellation is instigated by or on behalf of the company, except that:

"(1) in the event that the insured has misrepresented any fact which materially affects the insurability of the risk, such advance notice as provided in the foregoing shall be 15 days;"

To date, Homestead has not provided CVAC with notice of cancellation. Pursuant to this, Homestead contends that since it made an independent determination of fraud, it was entitled to rescind the policy, as opposed to cancel it, without intervention by the court.

We find otherwise. In the case of *Prudential Insurance Company of America v. Ptohides,* 122 Pa. Super. 469, 186 A. 386 (1936), the Pennsylvania Superior Court found, "Repudiation is ... an act too uncertain ... to be accepted as the equivalent of ordered battle in the courts." *Id.* at 477, 186 A. at 389. The *Ptohides* case involved a life insurance policy in which the insurer was attempting to rescind. The Pennsylvania Superior Court found:

"A [valid] contest [of liability] begins when the insurer avoids, or seeks to avoid, the obligation of the contract *by action or defense.* If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming liability." *Id.* (emphasis supplied)

In the case at hand, Homestead attempted to rescind the policy, as opposed to cancel, based on its independent decision that fraud had occurred. Following the lead of the *Ptohides* analogous claim, the court finds that the Homestead attempt to unilaterally rescind the policy was ineffective, absent resolution by the court through either a declaratory judgment proceeding or equity action. Also, to allow the defendant to rescind would cause CVAC irreparable harm. Thus, the grant of a preliminary injunction relative to the purported rescission action will return the parties to the status quo.

We further determine the arguments advanced by CVAC relative to the arbitrative ability of the within issues invokes a logical reasoning process. Had Homestead pursued its contractual entitlement to cancel, rather than rescind, clearly arbitration provisions of the insurance contract would come into play. Homestead appears to claim the

benefit of the arbitration provisions (which are not mutually applicable to both parties), while in the same breath arguing that the contract is void ab initio by reason of the fraud.

We deem the reasoning of Homestead to be inconsistent and accordingly the arbitration provision inapplicable to the within factual setting.

Thus, an appropriate order shall be entered.

## ORDER

And now, July 20, 1993, upon consideration of the pleadings, testimony and memoranda of the parties:

(1) The court preliminarily enjoins Homestead from unilaterally effecting a rescission without benefit of intervention by the court in equity—declaratory judgment pending further order of this court.

(2) In keeping with the foregoing, we determine that the arbitration provisions set forth in policy no. 92-11618 are inapplicable and the parties shall proceed before the Court of Common Pleas of York County.

(3) The prothonotary's office shall deposit the $5,000 bond posted in an interest-bearing account, payable over to the Commonwealth in the event the within preliminary injunction has been improvidently entered.

(4) The within preliminary injunction order is not, nor shall it be, interpreted to factually resolve the underlying issue as to whether or not Homestead is entitled to an equitable rescission of the within insurance agreement predicated upon the reasons advanced.

(5) Homestead is granted leave to file its action for declaratory judgment—equity seeking a rescission of the within policy within 30 days of the date hereof under the same term and number as a counterclaim to the within equity proceeding.